## DAMERS v. STERNBERGER.

(Supreme Court, Appellate Term.   October 27, 1905.)

1. Fraud—False Representations as to Facts.

Defendant's false representations that he was a member of a certain law firm, that he had sold a mine and was in a deal with another well-known firm, that he was a rich man, and that his mother had made out checks for the amount she was to contribute to the enterprise, are statements as to existing facts, which may be found to have constituted part of the inducement to plaintiff to invest in the enterprise.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 12–14.]

2. Same—Waiver.

Plaintiff's acceptance of defendant's note is but an agreement as to the amount due, and not a waiver of his tort in inducing plaintiff by false representations to invest in an enterprise.

Appeal from City Court of New York.

Action by John Damers against Morris S. Sternberger.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Robert B. Knowles (L. A. Gould, of counsel), for appellant.

E. M. Wight, for respondent.

SCOTT, P. J.   Doubtless some of the so-called false representations made by defendant were only promises as to what was to be done by defendant himself or others in the future.   There was, however, sufficient proof of false representations as to existing facts to justify the submission of the case to the jury, such as the statement that defendant was a member of a certain law firm, that he had sold a mine and was in a deal with another well-known firm, that he was a rich man, and that his mother had already made out checks for the amount she was to contribute to the enterprise.   These and others were statements as to existent facts, and, if false, as the evidence tended to show that they were, might well have constituted part of the inducement to plaintiff to part with his money.   The acceptance of defendant's note amounted to nothing more than an agreement as to the amount due, and was not a waiver of the tort.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.